**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHUXIANG SUI, | No. 13-72579 |
| Petitioner, | Agency No. A088-292-620 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 20, 2016[**]

Before:     CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Shuxiang Sui, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' order dismissing her appeal from an immigration

judge's decision denying her application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT"). We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies in the record regarding Sui's baptism in the United States, her connection to a fellow Chinese national in the United States, and her level of involvement in falsifying her nonimmigrant visa application in 2007. *See id.* at 1048 (adverse credibility determination was reasonable under the "totality of circumstances"). Sui's explanations for these contradictions do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In the absence of credible testimony, Sui's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the agency's denial of Sui's CAT claim because it was based on the same evidence found not credible and the record does not otherwise compel the finding that it is more likely than not Sui would be tortured by or with the consent or acquiescence of the government if returned to China. *See Shrestha*, 590 F.3d at 1048-49.

**PETITION FOR REVIEW DENIED.**

13-72579